# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BLUEFIELD

**CHARLENE YOUNG,**

    **Plaintiff,**

**v.**                        **CIVIL ACTION NO. 1:19-00193**

**ANDREW SAUL,**
**Commissioner of Social Security,**

    **Defendant.**

## MEMORANDUM OPINION

### I. Background

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on September 24, 2019, in which he recommended that the court grant plaintiff's request for remand, deny defendant's request to affirm the Commissioner's decision, reverse the final decision of the Commissioner, remand this matter for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g), and dismiss this matter from the active docket of the court.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge Aboulhosn's

Proposed Findings and Recommendation. Defendant timely filed objections to the magistrate judge's Proposed Findings and Recommendation. (ECF No. 20).

## II. Standard of Review

Under § 636(b)(1), a district court is required to conduct a de novo review of those portions of the magistrate judge's report to which a specific objection has been made. The court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Fed. R. Civ. P. 72(b) ("The district court to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.").

The court notes that judicial review in social security cases is quite limited. It is not the province of a federal court to make administrative disability decisions. Rather, de novo review in disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusions. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a

2

reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401. It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

The court has reviewed the record to determine whether the ALJ's decision is supported by substantial evidence, which is defined as something "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

### III. Objections and Analysis

Charlene Young filed her application for widow's benefits on March 15, 2016, alleging disability beginning on December 9, 1993, due to a heart condition "(leaky Heart valve)", shortness of breath, fatigue, weakness, chronic lower back pain, Retroflex Syndrome, chronic leg pain with involuntary leg jerking, pain related insomnia, chronic leg cramping, depression, anxiety,

restless leg syndrome, limited reading and writing abilities, and a reading comprehension impairment. Administrative Record ("AR") at 115, 130, and 233. By decision dated April 25, 2018, an unfavorable decision was issued. AR at 68-82. The instant complaint followed.

The magistrate judge found that the RFC assessment with respect to plaintiff's alleged lower back pain with radiculopathy was not supported by substantial evidence. See ECF No. 19 at 18. Significant to his finding in this regard was that the ALJ's decision does not mention the consultative examination report of Dr. Andres Rago. According to defendant, remand is not required because "Dr. Rago's examination findings simply do not reflect any specific judgments about Plaintiff's functional limitations." ECF No. 20 at 4.

Young was seen by Dr. Rago for a one-time consultative examination on August 31, 2016. See AR at 423. With respect to Young's medical complaints based upon her self-report, Dr. Rago noted:

> She complained of generalized body weakness and fatigue. Incidentally, she has occasional jerking of the legs, especially at night with aching pains and has the urge to move the legs. She was diagnosed to have restless legs syndrome and given Requip which helped significantly. She also has occasional leg cramps.
>
> Chronic back pain. She complained of having chronic low back pain which she attributes to the history of motor vehicular accident that occurred in 2002 and hurt her back. She had x-rays and MRI done at that time and was told that she had disk problem. She has undergone

4

> physical therapy which helped to some extent. At
> present, she is taking Lortab 7.5 one tablet daily as
> needed. She also complained of having insomnia which
> is pain related and also due to restless legs syndrome.
> The back pain occasionally radiates to the lower
> extremities as burning or shooting pain. No surgical
> intervention was suggested.

AR at 423-24. Upon physical examination, Dr. Rago noted that Young "ambulates without assistive device and no abnormal gait pattern. She is stable at station, but prolonged sitting aggravates the lower back pain and need to reposition herself intermittently including standing up to walk briefly. There is no difficulty getting up from the sitting position. She can walk on her heels and toes with some difficulty, but cannot squat all the way complaining of back pain. She also has minimal difficulty getting on to and off the examination table." Id. at 425. Dr. Rago further observed "slight tenderness at the lower posterior aspect of the cervical spine with slight limitation of motion." Id. As for Young's lower extremities, Dr. Rago stated that the "joints of the upper extremities are unremarkable. In the lower extremities, there is slight limitation of motion of the hip joints. Otherwise, the other joints of the lower extremities are likewise unremarkable." Id. at 426. Dr. Rago's assessment was that Young has "chronic low back syndrome with radiculitis and may have degenerative disk disease." Id. He did not order any tests nor did he review any medical records. See id. Dr. Rago indicated that plaintiff's present prognosis was

5

not encouraging because she had run out of medication, but with continuous adequate treatment and follow-up, her condition was expected to improve. See id. Significantly, Dr. Rago does not offer any opinions about Young's functional limitations.

With respect to the medical evidence to support Young's complaints of lower back pain that radiated into her legs, that evidence is scarce, if nonexistent. For example, during her initial evaluation with Dr. Robertson in April 2017, Young reported that her primary care provider, Dr. David Ofsa "had once treated her with Lortab 7.5 mgs as needed for pain but she denie[d] taking any recent pain medication." AR at 481. On December 19, 2014, Dr. Ofsa referred Young for a "noninvasive study for bilateral leg pain and a history of hypertension. Her pain is mainly in the calves when she walks." AR at 401. The study, however, showed that "flows were excellent into both feet . . . [and] [t]here is no evidence of large vessel disease at this point." Id. Magistrate Judge Aboulhosn acknowledged the dearth of medical evidence on these complaints. See ECF No. 19 at 17 ("To be sure, the medical evidence with respect to Claimant's alleged chronic lower back, hip, and bilateral leg pain is scant.").

"`[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision[.]'" Reid v. Commissioner of Social Sec., 769 F.3d 861, 865 (4th Cir. 2014)

6

(quoting Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2006) (per curiam)); see also Call v. Berryhill, Civil Action No. 2:17-CV-02292, 2018 WL 4659342, *4 (S.D.W. Va. Sept. 28, 2018) ("The Court finds the ALJ's summaries and explanations sufficiently display a consideration of all the evidence, including that cited by Plaintiff. While this evidence was not explicitly mentioned, the holding in Reid applies to the instant case and a failure to specifically mention a single CR scan which noted `mild soft tissue swelling' in a transcript of well over 800 pages does not constitute `evidence to the contrary.'") (Chambers, J.). While the ALJ may not have specifically mentioned Dr. Rago's report, she stated that she considered all the evidence of record. See AR at 72 ("After consideration of all the evidence. . ."); AR at 73 ("After consideration of the entire record. . ."; and AR at 78 ("After consideration of the entire record. . .").[1] Having so stated, this court should "take her at her word." Reid v. Commissioner of Social Sec., 769 F.3d 861, 865 (4th Cir. 2014) ("The Commissioner, through the ALJ and Appeals Council, stated that the whole record was considered, and, absent evidence to the contrary, we take her at her word."); see also Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005) ("[O]ur general

---

[1] In any event, the ALJ specifically referenced the Disability Determination Explanation completed by Dr. Pedro F. Lo. See AR at 78 and 80. Dr. Lo's report incorporates Dr. Rago's report in great detail. See AR at 135.

7

practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter."); Christina W. v. Saul, Case # 4:19-cv-00028-PK, 2019 WL 6344269, *4 (D. Utah Nov. 27, 2019) ("Plaintiff further argues that the ALJ erred in not explicitly discussing various pieces of evidence, particularly the fact that she is participating in a structured treatment program. While the ALJ must consider all the evidence, she need not recite each piece of evidence she has considered. The ALJ stated that she carefully considered the entire record and the Court can take her at her word.").

A review of the Commissioner's decision demonstrates that the ALJ did not find that Young's allegations regarding her pain were entirely credible. This credibility determination is entitled to deference. See Gautreau v. Berryhill, No. 16-1628, 685 F. App'x 260, 260 (4th Cir. Apr. 21, 2017) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted) ("We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; `[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled,' we defer to the Commissioner's decision.").

The ALJ noted that "claimant's allegations of debilitating physical and mental symptoms are inconsistent with the clinical

8

findings that are generally mild to moderate. Additionally, the claimant's allegations are inconsistent with the claimant's routine and conservative medical treatment and her activities of daily living."  AR at 79; see also AR at 80 ("[T]he undersigned notes that the symptoms and limitations alleged by the claimant are not fully supported by the objective evidence.  Although the claimant continues to report pain and limitations from her physical conditions, those limitations have been adequately assessed in the residual functional capacity above.").  Of her abilities, the ALJ commented that "the claimant maintains her personal needs.  She has, at times, reported maintaining household cleanliness, doing her own laundry, and preparing simple foods.  Further, she has reported caring for her son, evn after an injury.  She has a drivers' license."  AR at 77.

Regarding plaintiff's self-reported limitations, the ALJ observed:

> The description of the symptoms and limitations which the claimant has provided throughout the record has generally been inconsistent and unpersuasive.  The claimant's description of symptoms has been vague and general, lacking the specificity that might otherwise make it more convincing.  While, certainly, the claimant's conditions could result in pain and other symptoms that would limit her abilities to perform some work activities, those limitations have been adequately assessed in the residual functional herein.

AR at 79.

9

With respect to the incongruity between plaintiff's self-reported symptoms and the medical evidence, as well as her daily activities, the ALJ observed:

> The objective evidence demonstrates that the claimant is capable of work at light exertion consistent with the residual functional capacity finding. The claimant's allegations of debilitating physical and mental symptoms are inconsistent with the clinical findings that are generally mild to moderate. Additionally, the claimant's allegations are inconsistent with the claimant's routine and conservative medical treatment and her activities of daily living.

AR at 79.

In assessing Young's residual functional capacity, the ALJ limited her to performing light work with limitations regarding interaction with coworkers and customers, as well as positions that were simple and repetitive but did not require production quotas. See AR at 104-05. According to the regulations,

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). "The RFC, and by extension, any hypothetical question relied upon, need only reflect those

10

limitations tht are credibly established by the record." Jackson v. Berryhill, C/A No. 5:15-2994-KDW, 2017 WL 586648, *12 (D.S.C. Feb. 14, 2017) (citing Russell v. Barnhart, 58 F. App'x 25, 30 (4th Cir. Feb. 7, 2003)).

Regarding Young's residual functional capacity, the ALJ noted that "[t]he record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or has limitations greater than those determined in this decision." Id. This is true.[2] Indeed, neither Young nor the PF&R detail any additional limitations suggested by Dr. Rago that should have been included in determining plaintiff's residual functional capacity.[3] Given this, it is unclear what purpose remand would serve. In any event, plaintiff has not explained how Dr. Rago's findings would prevent her from performing the jobs identified by the vocational expert, i.e., a hand packer, a grader/sorter, and a laundry worker. See Crawford v. Berryhill, Civil Action No. 8:17-cv-02799-JMC-JDA, 2018 WL 8300528, *14 (D.S.C. Nov. 7, 2018) ("Plaintiff provides no argument as to why

---

[2] In fact, the ALJ found that Young had greater limitations than did the State Agency medical consultants, see AR at 80, and her RFC determination reflected this.

[3] "The mere presence of some impairment is not disabling per se. Plaintiff must show that she was so functionally impaired by her back trouble that she was precluded from engaging in any substantial gainful activity." Hames v. Heckler, 707 F.2d 162, 165 (5th Cir. 1983).

11

her credible limitations would prevent her from performing the jobs identified by the VE. . . .").

In any event, having found that Young was not entirely credible, the ALJ was entitled to discount Dr. Rago's opinion because it relied almost exclusively upon Young's self-reports. See, e.g., Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014) ("If a treating provider's opinions are based `to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion.") (quoting Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008)); Torres v. Bowen, 700 F. Supp. 1306, 1314 (S.D.N.Y. 1988) ("Indeed, the tendency of consultative physicians to ignore, or to give only passing consideration to subjective symptoms without stated reasons, is one of the reasons underlying the rule that consultative opinions are entitled to lesser weight than those of treating physicians.").

## IV. Conclusion

For the reasons set forth above, the court **SUSTAINS** defendant's objections to the Magistrate Judge's Findings and Recommendation.  Accordingly, the court **DENIES** plaintiff's motion for summary judgment, **GRANTS** defendant's brief in support of the Commissioner's decision, **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this case from the active docket of the court.

The Clerk is directed to forward a copy of this Memorandum Opinion to counsel of record.

**IT IS SO ORDERED** this 30th day of March, 2020.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge